**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTIAN EMMANUEL DUENAS BARRAZA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1874

Agency No.
A037-566-561

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2025
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Christian Emmanuel Duenas Barraza, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of removal issued by an Immigration Judge (IJ). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir. 2004). We review purely legal questions de novo, *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2019), and findings of fact for substantial evidence, *Gonzaga-Ortega v. Holder*, 736 F.3d 795,

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

800 (9th Cir. 2013).  We dismiss the petition for review in part and deny it in part.

1. Petitioner first contends that the IJ erroneously applied a "reason to believe" standard in determining removability.  But even assuming error, remand is not required where, as here, "neither the result nor the BIA's basic reasoning would change."  *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).  Any error was harmless because the record contained overwhelming evidence that petitioner committed a human trafficking offense within the meaning of 8 U.S.C. § 1182(a)(2)(H)(i) and was therefore removable under 8 U.S.C. § 1227(a)(2)(F).  Petitioner pled guilty in state court to one count of human trafficking of a minor under California Penal Code § 236.1(c)(1), and admitted before the IJ that he prostituted his girlfriend's underage daughter for profit.  The government thus easily met its burden of establishing removability by "clear and convincing evidence."  8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R. § 1240.8(a).

2. The IJ was not required, as petitioner claims, to apply the categorical approach to determine whether his conduct matched the statutory grounds of removability.  The categorical approach is only required when removability turns on conviction, not conduct.  *See, e.g.*, *Mellouli v. Lynch*, 575 U.S. 798, 806 (2015) (recognizing that the categorical approach is "[r]ooted in Congress' specification of conviction, not conduct, as the trigger for immigration consequences").  Here, petitioner was found removable for having committed human trafficking, not for

having been convicted of it.  *See* 8 U.S.C. §§ 1182(a)(2)(H)(i), 1227(a)(2)(F).

3.  Because the IJ denied petitioner's application for cancellation of removal in the exercise of discretion, we have no jurisdiction to review that denial.  We therefore dismiss the relevant portion of the petition for review.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024).

4. Petitioner challenges the IJ's determination that he committed a "particularly serious crime" (PSC), rendering him ineligible for asylum and withholding of removal.  *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).  Although aggravated felony offenses constitute PSCs per se, the agency may in its discretion determine that other offenses qualify as PSCs.  *Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022).  We review those determinations for abuse of discretion, *id.*, and our review is "limited to ensuring that the agency relied on the appropriate factors and proper evidence," *id.* (internal quotation marks and citation omitted).  The IJ appropriately weighed a range of relevant factors, including the seriousness of the crime, the sentence imposed, and the effect on the victim.  The IJ adequately considered petitioner's mental health in light of the evidence presented.  *See Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018) (holding that "an individual's mental health *could* be relevant to the determination of whether a crime is particularly serious" (emphasis added)).  The IJ also considered police reports, which was appropriate because an IJ may consider "all reliable

information" in making a PSC determination, so long as the information "is probative and its admission is fundamentally fair." *Hernandez*, 52 F.4th at 766 (citations omitted).

5. The IJ's determination that petitioner did not qualify for relief under the Convention Against Torture (CAT) is supported by substantial evidence. Applicants for CAT relief must establish it is "more likely than not" that they will be tortured upon removal. 8 C.F.R. § 208.16(c)(2). Petitioner expressed fear that he would be targeted due to his tattoos, including one that he says looks gang-like, and his criminal record. The IJ considered petitioner's argument and offered detailed reasons as to why he did not find petitioner had established a likelihood of torture due to his tattoos.

The petition for review is therefore **DISMISSED IN PART AND DENIED IN PART.**

The temporary stay of removal remains in place until the mandate issues.